No. 18,926.

JAMES REEVES, *Appellee*, v. A. T. RYDER, as Clerk of School District No. 107, etc., *Appellant*.

SYLLABUS BY THE COURT.

1. ANNUAL SCHOOL MEETING—*Lawfully Adjourned—Treasurer Elected on Adjourned Day*. The evidence in this case is held sufficient to sustain findings of the trial court to the effect that an annual school district meeting was lawfully adjourned; that an adjourned meeting was lawfully held at which the plaintiff was duly elected treasurer of the district.

2. MANDAMUS—*Requiring Clerk to File Treasurer's Oath of Office and Bond*. While mandamus is not the form of an action in which to try the title to an office, all that was required of the plaintiff was a *prima facie* showing of sufficient right to the office of treasurer to entitle him to demand the performance of plain duties incumbent upon the defendant as clerk of the board.

3. SAME. Upon the findings and evidence a judgment commanding the defendant, as clerk of the school board, to file plaintiff's bond and oath of office as treasurer, and to approve the bond, is sustained.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed February 7, 1914. Affirmed.

*O. T. Boaz*, and *C. O. Pingry*, both of Pittsburg, for the appellant.

*L. H. Phillips*, of Pittsburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant is clerk of school district No. 107, Crawford county. In an action in mandamus the district court gave judgment commanding him to approve and file the plaintiff's bond as treasurer of the district, and further commanding him to file and record the minutes of an adjourned session of the an-

nual school meeting at which the plaintiff was elected treasurer.

The court made very complete findings. It appears that the annual school meeting was held as provided by law on the 11th day of April, 1913. It was presided over by director Richard O'Brien and there were present 175 electors of the district. Hugh R. Cleland was elected director for the following year, and the chairman then announced that nominations were in order for treasurer. James Perkins, James Reeves, and John Procho were placed in nomination; Perkins declined to run. It was moved and carried that the nominations be closed. John Procho then withdrew his name, whereupon Richard O'Brien attempted to nominate himself as a candidate. A parliamentary question arose as to whether any one could become a candidate after the nominations had closed, and the meeting became disorderly; much confusion prevailed and some of the parties almost came to blows. During the disturbance a written paper signed by some of the persons composing the meeting was handed to the chairman requesting him to adjourn the meeting to a future date. No other motion to adjourn was made. The chairman read the written request, and stating that he did not want any trouble, declared the meeting adjourned until April 15, 2 o'clock P. M.; at the same place, again to take up the election of a treasurer. All of those present acquiesced in the decision of the chair to adjourn and accepted the same as the action of the meeting, and practically all those present immediately dispersed. The trial court finds as a fact and as a conclusion of law that the meeting was legally adjourned to April 15, to finish the election of treasurer and other business. On April 15, at the time appointed, a meeting of the electors was held at which ninety-five were present, including Hugh R. Cleland who had in the meantime qualified as director. The defendant did

not attend although he knew of the meeting, and the court finds that it was his duty to have attended. A secretary or clerk *pro tem* was duly chosen, and the meeting then proceeded with the election of a treasurer. The plaintiff was the only person nominated, and eighty-five votes were cast for him, one against him, and the court finds that he was duly chosen treasurer. After the transaction of other business the meeting adjourned. The minutes were properly kept by the clerk *pro tem* and signed by director Cleland. There is a finding that the defendant as clerk refused to record the minutes in the record book although requested so to do, and that he refused to approve and file the bond and oath of office of plaintiff, and had refused even to receive the bond presented to him which was duly executed. The judgment therefore commanded him to perform these official duties.

It is contended that the chairman had no right to adjourn the meeting without the consent of the majority of the electors present, and that such consent could only be obtained by putting a motion to the house to that effect and having the same voted upon; that even though he had the right to adjourn the meeting he had no right to fix a time for its reconvening. These objections, which are obviously based upon a quite technical construction of parliamentary usage, are manifestly wholly without merit. No reason is apparent why a motion or any other resolution may not be presented to the chairman of a public meeting in writing; besides, no statute requires school meetings to be conducted in accordance with strict parliamentary rules. Moreover, all the electors present acquiesced in the adjournment as well as in the time fixed for the adjourned meeting; and a fair representation of the electors attended the adjourned meeting, the proceedings of which are shown to have been in all respects regular. The defendant cites au-

thorities in support of the further contention that an action in mandamus is not the proper method by which to try the title to an office; but substantially that is what defendant himself attempted to do in refusing to perform his plain ministerial duties as clerk of the board. However, the title to the office is only incidentally involved in this action. All that was required of the plaintiff was a *prima facie* showing of sufficient right to the office to entitle him to demand the performance of plain duties incumbent upon the defendant as clerk of the board. The findings are well supported by evidence, and no argument is needed to show that the conclusions reached by the trial court are sustained by the findings.

The judgment is affirmed.